UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Kathleen Scannell and Wendy Bucacci,
    Individually and as Class Representatives,

                Plaintiffs

                                            CLASS ACTION

                                            COMPLAINT FOR FAIR LABOR
                v.                             STANDARDS ACT VIOLATION

Sears Roebuck and Company,              **JURY TRIAL DEMANDED**

                Defendant

### COLLECTIVE EMPLOYEE ACTION COMPLAINT

### SUMMARY OF CLAIMS

1.      Plaintiffs Kathleen Scannell and Wendy Bucacci, individually and on behalf of all others similarly situated bring this collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") against their former employer, defendant Sears Roebuck and Company for violation of Sears' statutory obligation to pay overtime for all work in excess of 40 hours per week performed by hourly employees covered by the FLSA.  Sears has at all relevant times willfully engaged in the practice of inducing, permitting and/or requiring its employees to work "off-the-clock" for hours in excess of 40 hours in a work week without recording the time for all work performed and without compensating them with payment required by the FLSA for such work.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this class action complaint alleging violation of the federal Fair Labor Standards Act pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as Sears has a number of retail establishments in the District of New Hampshire, including stores in Concord, Manchester, Nashua and Rochester.

## PARTIES

3. Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former employees of Sears who have held non-exempt positions at any time within three years prior to the date this Complaint was filed and who have not been fully compensated by Sears for all hours worked ("the proposed class").

4. Plaintiff Kathleen Scannell has a residential address at 244 Concord Way, Portsmouth, New Hampshire 03801. Ms. Scannell was employed by Sears for approximately 27 years, most recently as a Human Resources lead supervisor until her constructive termination in March 2006.

5. Plaintiff Wendy Bucacci has a residential address at 10 Knowlton Street, Wells, Maine 04090. Ms. Bucacci was employed by Sears for approximately 8 years, most recently as a lead supervisor in the Home Appliance Department, until her voluntary termination in December 2005.

6. Defendant Sears Roebuck and Company ("Sears") is a New York corporation (federal identification Number 361750680), with a principal office located at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

7. Sears is a well known national retail chain, with a local retail outlet at Loudon Road, Concord, New Hampshire 03301.

**GENERAL ALLEGATIONS**

8. Plaintiff Kathleen Scannell was employed by Sears in retail stores located in New Hampshire for more than twenty-five years, most recently serving as Human Resources Manager at the Newington, New Hampshire, location.

9. Plaintiff Wendy Bucacci began her employment with Sears at the Newington, New Hampshire retail store, initially as a sales clerk in the women's department, then moving to home appliances, and becoming a lead supervisor in the home appliance department of the store in July 2004.

10. At all relevant times, Sears has constituted an enterprise engaged in commerce and in the production of goods for commerce as those terms are used in sections 6 and 7 of the Federal Fair Labor Standards Act, 29 U.S.C. §§ 206 – 207.

11. For many years Sears has maintained a national corporate policy that restricts all hourly employees to a forty-hour work week.

12. Exceptions are allowed to this general rule during the holiday quarter (between October and December each year) when limited authorization is given to pay overtime for hours worked beyond forty in a week.

13. On rare occasions, outside of the fourth quarter, overtime pay is authorized under special circumstances.

14. While Sears makes clear that it will not pay employees for more than forty hours of work in any week, subject to the limited exceptions noted above, Sears regularly demands that its employees work through lunch hours and often well in excess of forty hours per week without providing the overtime pay required by federal law.

15. Sears pays salaries to its top two levels of managers in each store (store managers and assistant store managers).

16. All other personnel, including lead supervisors, are paid hourly.

**Kathleen Scannell**

17. Sears categorized plaintiff Kathleen Scannell as a "FL TC HR S Specialist." This means that Sears considered Ms. Scannell to be employed in a "full line" store; she was a "time card" employee; and employed as a "Human Resources Specialist."

18. Ms. Scannell's position was identified as job code FL 9542, and she was considered a "Lead, Human Resources/Office."

19. Annual reviews reflect the fact that Ms. Scannell was considered an "Hourly Associate."

20. As Ms. Scannell was the highest ranking Human Resource supervisor in the Newington, New Hampshire retail store, she was well aware of Sears' policies with respect to payment of overtime.

21. Store managers responsible for the Newington, New Hampshire store were well aware that Ms. Scannell could not complete her work in a forty-hour week.

22. Sears did not provide Ms. Scannell with the necessary support to allow her to perform her job duties within 40 hours, despite her requests in that regard.

23. While Ms. Scannell worked far in excess of forty hours per week for many years, her responsibilities were increased in November 2005 as a result of changes in corporate ownership and also a change in the store manager at the Newington, New Hampshire store.

24. As a result of these changes, Ms. Scannell was required to undertake "hub" responsibilities in addition to the already overwhelming work required by her human resource responsibilities.

25. At the same time as these work responsibilities were increasing, Ms. Scannell was directed by the Regional Human Resources Manager to spend one hundred percent of her time doing human resources work.

26. To complete the work required, Ms. Scannell regularly worked in excess of eight hours per day, usually without a lunch break, and often working on a sixth and even seventh day, despite the fact that Sears would not compensate her for work beyond forty hours per week.

27. Ms. Scannell and others raised this issue with the store manager, but the policy and practice did not change.

28. Despite the huge amount of time Ms. Scannell dedicated to the company, she was unable to satisfy the company's every-increasing demands. Despite her best efforts and work on six or seven days each week, Ms. Scannell's supervisor gave her a poor evaluation in March 2006. Ms. Scannell resigned.

**Wendy Bucacci**

29. Plaintiff Wendy Bucacci was an hourly lead supervisor, also in the Newington, New Hampshire store.

30. Ms. Bucacci was required on a regular basis to work far in excess of forty hours per week, although rarely was payment authorized for overtime.

31. There were days when Ms. Bucacci worked as late as 2 a.m. in the morning.

32. Ms. Bucacci, a single mother, left the job in December 2005 shortly after she was advised that she would be required to work six days a week and into the evening hours on three nights.

33. Both Ms. Scannell and Ms. Bucacci have observed many situations where hourly sales associates have been required to work through their lunch hours, and beyond forty hours per week without receiving overtime pay.

34. Upper level management would be held accountable if reports showed unanticipated overtime pay.

35. As a result, when special projects came up and when VIPs visited the stores, employees are required to work extra hours, commonly without receiving overtime pay, in violation of the Federal Fair Labor Standards Act.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs pursue this action on behalf of themselves and a class defined as follows:

> All individuals employed on an hourly basis by Sears Roebuck and Company, including lead supervisors and sales associates, required to work in excess of forty hours in any given week without receiving overtime pay.

37. Class members are employed or have been employed by defendant during the past three years in an enterprise engaged in commerce as that term is used in sections 6 and 7 of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207.

38. Class members performed and continue to perform unpaid work including but not limited to the following:

  A. The violations of federal labor law described hereinabove were continuing at the time of the filing of this complaint and on information and belief will continue pursuant to Sears policy and practice.

  B. Defendant has been and continues to willfully violate federal wage and hour statutes and regulations with the intent to deprive class members of a part of their wages.

39. There are five full line Sears retail stores throughout the state.

40. Each typical full line store employs eight lead supervisors who are paid hourly, and as many as 200 associates who are not exempt from the overtime requirements of the FLSA.

41. The non-exempt employees have been subject to the unlawful practices alleged herein, and therefore, are similarly situated to the named representatives in this collective action.

42. The proposed class numbers in excess of 1,000 individuals, and therefore joinder of all members is impracticable.

43. There are questions of law and questions of fact common to the class.

44. Virtually all legal issues in this case will be common to the class, including FLSA meal break issues, interpretation of 29 U.S.C. § 203(o), deference to be given wage and hour division opinion letters, corporate law, whether Plaintiff and members of the proposed class are entitled to lost wages, liquidated damages and other relief requested, legal issues raised by affirmative defenses advanced by the defendant, and other legal issues that will arise during this litigation.

45. Class members share numerous common issues of fact, involving the relevant national Sears policies and practices, whether Sears has engaged in a pattern and practice of permitting or requiring Plaintiffs and members of the proposed class to work overtime in excess

of 40 hours in a work week without appropriate compensation, whether Sears has engaged in a pattern and practice of permitting or requiring Plaintiffs and members of the proposed class to perform work for the benefit of Sears during unpaid breaks, and the willfulness of defendant's violations for purposes of the FLSA three-year statute of limitations, 29 U.S.C. § 255.

46. For example, class member claims will depend on production of common documents, such as Sears policy manuals that pertain to overtime, electronic payroll records, job classification lists, electronic timecard data, and common company policies relative to hourly Sears employees, these common documents subject to Fed. R. Civ. P. 26(a)(1) initial disclosures.

47. The named plaintiffs will fairly and adequately protect the interests of the class members, and have made arrangements with experienced counsel to represent the class members zealously and within the bounds of the law. Counsel have extensive wage and hour class action litigation experience.

48. The questions of law and fact common to the members predominate over any questions affecting only individual members.

49. A class action is superior to other available methods for the fair and efficient adjudication of a controversy.

50. Individual class members have little interest in individually controlling the prosecution of their claims given the relatively small amounts of many claims, the relative lack of sophistication of individual class members, and the difficulties involved in bringing individual litigation against a sophisticated corporate employer.

51. Plaintiffs are unaware of any other litigation concerning this controversy commenced by or for other class members.

52. The Court has the resources, abilities and procedures to effectively manage this class action, particularly with application of the substantive wage and hour law of representative evidence and relaxed burdens of proof.

53. Plaintiff's FLSA claims are properly prosecuted as a class action pursuant to Section 16(b) of the FLSA, 29 U;S.C. § 216(b).

54. The prosecution of separate actions by individuals without certification as a collective action would create a risk of inconsistent or varying adjudications with respect to individual members of the collective action that would establish incompatible standards of conduct.

55. Defendant has been and continues to willfully violate state and federal wage and hour statutes and regulations with the intent to deprive class members of a part of their wages.

## COUNT I – FAIR LABOR STANDARDS ACT

56. Plaintiffs repeat and reallege the prior allegations of the complaint.

57. For the past three years, Sears has willfully violated the FLSA by engaging in a pattern or practice of:

(a) failing to keep accurate records showing all the time it permitted Plaintiffs and members of the proposed collective action to work, which has resulted in the denial of compensation, either at a regular rate or an overtime premium, as required by the FLSA, for all time worked in excess of 40 hours in a work week;

(b) permitting or requiring Plaintiffs and members of the proposed collective action to perform integral and indispensable activities before and after the regular paid work time and in addition to working 40 hours in a work week, for the benefit of Sears and without compensation at the applicable federal overtime rates;

9

(c) permitting or requiring Plaintiffs and members of the proposed collective action to work "off-the-clock" hours including during unpaid breaks, for the benefit of Sears, in addition to working 40 hours in a work week, and without compensation at the applicable federal overtime rates; and

(d) permitting or requiring Plaintiffs and members of the proposed collective action to work overtime in excess of 40 hours in a work week without appropriate compensation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Sears as follows:

1. Certify this action as a collective action with adequate notice to be supervised by the Court;

2. Make an award of damages including compensation for unrecorded work time, liquidated damages, prejudgment interest, costs, and attorneys' fees; and

3. Grant such other and further relief as the Court deems just, equitable, and within its powers to grant.

Respectfully submitted,

Date: June 14, 2006     By: /s/ David P. Slawsky
David P. Slawsky, Esq., #6591
Lauren S. Irwin, Esq., #10544
UPTON & HATFIELD, LLP
10 Centre Street
Concord, NH 03302-1090
(603) 224-7791